UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BUSINESS PROCESS MODELING SOLUTIONS LLC d/b/a DE-BPMS LLC, § § §<br><br>Plaintiff, §<br>§<br>v. §<br>§<br>INTERNATIONAL BUSINESS §<br>MACHINES CORP., §<br>§<br>Defendant. § | Case No: 3:12-cv-996<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Business Process Modeling Solutions LLC d/b/a DE-BPMS LLC brings this action against International Business Machines Corp., and for its causes of action alleges as follows:

### THE PARTIES

1. Business Process Modeling Solutions LLC d/b/a DE-BPMS LLC ("BPMS") is a Delaware limited liability company having its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California, 92660 and maintains an office at 6136 Frisco Square Blvd., Suite 385, Frisco, Texas 75034.

2. International Business Machines Corp. ("IBM") is, upon information and belief, a New York Corporation having a principal place of business at 1 New Orchard Road, Armonk, New York 10504-1722.

3. BPMS is the exclusive licensee of U.S. Patent No. 5,873,094 entitled, "Method and Apparatus for Automated Conformance and Enforcement of Behavior in Application Processing Systems" ("the '094 patent"), having all substantial rights in and to the '094 patent,

1

including the right to recover damages for past, present, and future infringement. The '094 patent is attached hereto as Exhibit A.

4. Pursuant to 35 U.S.C. § 282, the '094 patent is presumed valid.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271 and 281. This Court has jurisdiction over the claim for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. Personal jurisdiction exists generally over IBM because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Northern District of Texas. Personal jurisdiction also exists over IBM because it, directly or through subsidiaries and/or intermediaries, makes, uses, sells, and offers for sale, products and/or services within the State of Texas and within the Northern District of Texas, that infringe the '094 patent.

7. IBM maintains offices in the Northern District of Texas, including the IBM Innovations Center located at 13800 Diplomat Drive, Dallas, TX 75234 and the IBM Blade Center and Storage Solution Center located at 1503 Lyndon B Johnson Freeway, Dallas, TX 75234. Upon information and belief, IBM provides sales, services, support, training and/or consulting for IBM's Websphere Process Server, among other things, in the Northern District of Texas.

8. Dr. Kirit K. Talati is the named inventor of the '094 patent and resides in the Northern District of Texas. Dr. Talati holds a Ph.D. in Mathematics from Texas Christian University. Among other things, Dr. Talati is a pioneer in hardware and software virtualization technology.

9. Venue is proper in this Court under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 5,873,094

10. IBM has been and is now making, using, selling, offering for sale within the United States, and/or importing into the United States, the Websphere Process Server that infringes at least claim 5 of the '094 patent.

11. By so making, using, selling, offering to sell the Websphere Process Server within the United States, and/or importing into the United States the aforementioned product, IBM has directly infringed and continues to infringe the '094 patent, either literally or by equivalents.

12. At least as early as June 18, 2002, IBM had actual knowledge of the '094 patent as a matter of law because the '094 patent was cited by the examiner during the prosecution of U.S. Patent No. 6,407,753, which patent names IBM as the original assignee.

13. Since becoming aware of the '094 patent, IBM has continued to intentionally, actively, and knowingly both advertise about and sell, or offer to sell, the Websphere Process Server at least through its own website, IBM.com.

14. Upon information and belief, since becoming aware of the '094 patent, IBM has intentionally, knowingly, and actively provided continuing support services to end-users of the Websphere Process Server.

15. Since becoming aware of the '094 patent, IBM's said advertising, support services, and sales have intentionally, actively, and knowingly contained and continue to contain instructions, directions, suggestions, and/or invitations that intentionally, actively, and knowingly invite, entice, lead on, influence, prevail on, move by persuasion, cause, and/or influence the public, IBM's distributors, IBM's retailers, IBM.com website users, customers, and/or end users

to make, use, sell, and/or offer to sell the Websphere Process Server, and/or use the Websphere Process Server to practice the inventions claimed in the '094 patent, and thus directly infringe, either literally or by equivalents, at least claim 5 of the '094 patent.

16. Since becoming aware of the '094 patent, IBM was willfully blind, knew, or should have known that its distributors, retailers, IBM.com website users, customers, and/or end users' acts relative to making, using, selling, and/or offering to sell the Websphere Process Server, and/or using the Websphere Process server to practice the inventions claimed in the '094 patent, directly infringe, either literally or by equivalents, at least claim 5 of the '094 patent. For these reasons, IBM is liable for inducing infringement of the '094 patent.

17. The Websphere Process Server and the components thereof sold, made, operated, and/or serviced by IBM constitute a material part of the inventions claimed in the '094 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

18. Since becoming aware of the '094 patent, IBM was willfully blind, knew, or should have known that the Websphere Process Server and the components thereof were especially made and/or especially adapted for use in infringing the '094 patent.

19. Since becoming aware of the '094 patent, IBM was willfully blind, knew, or should have known that the Websphere Process Server and the components thereof were not a staple article or commodity of commerce suitable for substantial noninfringing use.

20. By selling, offering to sell, or importing into the United States the Websphere Process Server and the components thereof, IBM has contributed to the infringement of distributors, retailers, customers, and/or end-users who sell, offer for sale, purchase, make, and/or use the Websphere Process Server, and/or use the Websphere Process Server to practice

the inventions claimed in the '094 patent, and thus directly infringe the '094 patent, either literally or by the doctrine of equivalents.

21. IBM's acts of infringement of the '094 patent as alleged above have injured BPMS and thus BPMS is entitled to recover damages adequate to compensate it for that infringement, which in no event can be less than a reasonable royalty.

## JURY DEMAND

22. BPMS demands a trial by jury on all claims and issues, including all of the Defendant's claims, counterclaims, and issues.

## PRAYER FOR RELIEF

WHEREFORE, BPMS prays for entry of judgment:

A. Declaring that IBM has infringed at least claim 5 of the '094 patent.

B. That IBM account for and pay to BPMS all damages caused by the infringement of the '094 patent, which by statute can be no less than a reasonable royalty;

C. That BPMS be granted its costs, pre-judgment and post-judgment interest on the damages caused to it by reason of IBM's infringement of the '094 patents;

D. That BPMS be granted its attorneys' fees in this action;

E. That costs be awarded to BPMS;

F. That BPMS be granted such other and further relief that is just and proper under the circumstances.

March 29, 2012                                                  Respectfully submitted:

By: s/ Stephen W. Abbott
      Stephen W. Abbott
        Texas Bar No. 00795933
      Matthew J.M. Prebeg
        Texas Bar No. 00791465
      *Pro Hac Vice* Pending

        Christopher M. Faucett
         Texas Bar No. 00795198
         *Pro Hac Vice* Pending
        Matthew S. Compton
         Texas Bar No. 24078362
         Admission Pending
**CLEARMAN | PREBEG LLP**
815 Walker Street, Suite 1040
Houston, Texas 77002
Telephone: 713-223-7070
Facsimile: 713-223-7071
Email: mprebeg@clearmanprebeg.com
       sabbott@clearmanprebeg.com
       cfaucett@clearmanprebeg.com
       mcompton@clearmanprebeg.com


C. Timothy Reynolds
Texas Bar No. 16796240
**Steed Flagg, LLP**
One Horizon Ridge
1010 W. Ralph Hall Parkway, 2nd Floor
Rockwall, TX 75032
Telephone: 469-698-4200
Facsimile: 469-698-4201
Email: timreynolds@steedflagg.com


**Attorneys for Plaintiff, Business Process Modeling Solutions LLC d/b/a DE-BPMS LLC**